## BERRY v. ADMRS. OF BERRY.

In Error to Common Pleas of Passaic county.

The taking of a receipt on payment of money, does not preclude other proof of such payment.

Although the non production of the receipt without accounting for withhold-
ing it, may subject the party to suspicions that may justly operate to his
prejudice on the trial; yet it cannot preclude him from giving *parol* evi-
dence of the payment of the money, for which, the receipt was given.

*E. B. D. Ogden*, for plaintiff in error.

*J. Speer*, for defendants.

HORNBLOWER, C. J.    This was an action of Assumpsit,
brought by the defendants in Error, against the plaintiffs in Er-
ror, for goods sold and delivered &c.    The defendant below,
pleaded the general issue, and payment, with notice of set-off.

On the trial of the cause, the defendant called a witness, by
whom he proved that he had paid, at the request of, and for the
use of the intestate in his lifetime, the sum of one hundred and
fifteen or one hundred and nineteen dollars.    On a cross exami-
nation of the witness, it came out, that the defendant, at the
time he paid the money, had taken a receipt for it; whereupon
the defendant's counsel, moved to overrule the evidence, and the
court did so.    The defendant below, then called another witness,
by whom he offered to prove that he was present and saw the
money paid by the defendant for the intestate, and what was the
nature of the writing or receipt taken by the defendant for the
money : to this evidence, the plaintiffs objected, and the court
sustained the objection and rejected the evidence.    The defendant
then offered to prove by another witness, that in the fall of 1834,
the plaintiffs' intestate told him, that he had got his son Albert
Berry, (the defendant below,) to pay upwards of one hundred
dollars for him; and that he owed Albert that money : but it
being admitted that this was the same money referred to by the
other witnesses, and for which a receipt had been given, the ad-
mission of the evidence was objected to; and the court sustained
the objection and rejected the evidence.    To each of these deci-
sions, exceptions were taken by the defendant below, and they
are now assigned for error.

The general rule, that the best evidence the nature of the case
admits of, must be produced, was well calculated to mislead the
Court of Common Pleas, on this subject.    But a simple receipt
for money does not fall within that rule.    Such receipts, are not

conclusive; they are open to examination, and may be varied, explained or contradicted by parol, and need not therefore be produced; or their non-production accounted for, in order to legalize parol evidence of the payment of money. It was expressly decided so, by the Supreme Court of the State of New York, in *Southwick* v. *Hayden*, 7 *Cowen's R.* 334, and that decision is in principle, sustained by a variety of other cases. *Elwell* v. *Leslie*, 2 *Halst.* 349; *Snyder* v. *Findley*, *Coxe R.* 48; *Middleditch* v. *Sharland*, 5 *Ves.* 87; *Stratton* v. *Rastall et al.*, 2 *T. R.* 366; *Rambert* v. *Cohen*, 4 *Esp. N. P.* 213; *Tobey* v. *Barber*, 5 *Johns'. R.* 72; *House* v. *Low*, 2 *Johns'. R.* 378; *Putnam* v. *Lewis*, 8 *Johns'. R.* 389; *Ensign* v. *Webster et al.* 1 *Johns'. Cas.* 145.

That cannot be called the *best evidence*, which is itself liable to be overcome, explained or destroyed by mere parol evidence. A party however, who has a receipt, and withholds it; or having had one, omits to account for its non-production, may subject himself to suspicions that may justly operate to his prejudice on the trial, but cannot be precluded from giving parol testimony of the payment of the money, for which the receipt was given. The judgment must therefore be reversed, and a *venire de novo* issue.

All the justices concurred.

*Judgment reversed, and venire de novo awarded.*